# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40544
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 13, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

versus

CARLOS ALBERTO OCHOA-OROZCO,

Defendant−Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
No. 4:17-CR-47-2

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Carlos Ochoa-Orozco appeals his conviction of conspiracy to possess with

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the intent to distribute methamphetamine.  He contends that the district court violated Federal Rule of Criminal Procedure 11(b)(1)(G) by failing to ensure that he understood the nature of the charge against him.  Ochoa-Orozco also asserts that the court violated Rule 11(b)(3) because there was an insufficient factual basis for his plea.

Because Ochoa-Orozco did not object to any Rule 11 errors in the district court, our review is for plain error.  *See United States v. Vonn*, 535 U.S. 55, 58–59 (2002).  To prevail on plain-error review, Ochoa-Orozco must first show a forfeited error that is clear or obvious.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

Under Rule 11(b)(1)(G), the district court must "inform the defendant of, and determine that the defendant understands . . . the nature of each charge to which the defendant is pleading."  FED. R. CRIM. P. 11(b)(1)(G).  The record reflects that the court sufficiently confirmed Ochoa-Orozco's understanding of the charge.  *See United States v. Reyes*, 300 F.3d 555, 559–60 (5th Cir. 2002); *United States v. Lujano-Perez*, 274 F.3d 219, 225–26 (5th Cir. 2001).  Because a reasonable person would not doubt that Ochoa-Orozco understood the charge, he has not shown any clear or obvious error in regard to compliance with Rule 11(b)(1)(G).  *See Puckett*, 556 U.S. at 135; *Reyes,* 300 F.3d at 559.

Turning to Ochoa-Orozco's Rule 11(b)(3) argument, the written factual basis established the requisite elements of the conspiracy, and Ochoa-Orozco admitted that the written factual basis was true and correct.  His statements at rearraignment regarding his conduct are insufficient to show clear or obvious error on this issue.  *See Puckett*, 556 U.S. at 135.

There is a clerical error in the written judgment.  Although the judgment refers to the offense of conviction as conspiracy to possess with the intent to

manufacture and distribute methamphetamine, the record reflects that Ochoa-Orozco pleaded guilty of conspiracy to possess with the intent to distribute methamphetamine. Accordingly, we REMAND for the limited purpose of correction of the clerical error in the written judgment in accordance with Federal Rule of Criminal Procedure 36. In all other respects, the judgment is AFFIRMED.